ORIGINAL

Approved: _____
BENJAMIN WOODSIDE SCHRIER
Assistant United States Attorneys

Before:   HONORABLE SARAH L. CAVE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     **20 MAG 8016**

                                  :     COMPLAINT

     - v. -                       :     Violations of 21 U.S.C.
                                  :     § 846, 18 U.S.C.
BAUDILIO REYES,                   :     §§ 922(g)(1), 924(c),
RONALD WILLIAMS,                  :     & 2
MIGUEL ANGEL GONZALEZ, and        :
ALFREDO ROJAS,                    :     COUNTY OF OFFENSE:
     a/k/a "Wilfredo Nazario Roman," :  BRONX
     a/k/a "Pedro,"               :
                                  :
     Defendants.                  :

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          DREW W. GREELEY, being duly sworn, deposes and says
that he is a Special Agent with the Drug Enforcement
Administration ("DEA"), and charges as follows:

**COUNT ONE**
(Narcotics Conspiracy)

          1.   In or about July 2020, in the Southern District
of New York and elsewhere, BAUDILIO REYES, RONALD WILLIAMS,
MIGUEL ANGEL GONZALEZ, and ALFREDO ROJAS, a/k/a "Wilfredo
Nazario Roman," a/k/a "Pedro," the defendants, and others known
and unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
the narcotics laws of the United States.

          2.   It was a part and an object of the conspiracy
that BAUDILIO REYES, RONALD WILLIAMS, MIGUEL ANGEL GONZALEZ, and
ALFREDO ROJAS, a/k/a "Wilfredo Nazario Roman," a/k/a "Pedro,"
the defendants, and others known and unknown, would and did
distribute and possess with intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance that BAUDILIO REYES, RONALD WILLIAMS, MIGUEL ANGEL GONZALEZ, and ALFREDO ROJAS, a/k/a "Wilfredo Nazario Roman," a/k/a "Pedro," the defendants, conspired to distribute and possess with intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
(Firearms Offense)

4.    On or about July 29, 2020, in the Southern District of New York and elsewhere, RONALD WILLIAMS and MIGUEL ANGEL GONZALEZ, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c) and 2.)

## COUNT THREE
(Felon in Possession)

5.    On or about July 29, 2020, in the Southern District of New York and elsewhere, RONALD WILLIAMS, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, a firearm, to wit, a Glock 27 .40 caliber semi-automatic pistol, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

6.    I am a Special Agent with the DEA.  I have been personally involved in the investigation of this matter.  This

Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7.    Based on my participation in this investigation, including my conversations with other law enforcement officers and a confidential source (the "CS");[1] my review of recorded communications, including phone calls, video phone calls, and text messages, between one of the defendants and the CS; my review of law enforcement reports and records, including location information and pen register information associated with a particular cellphone; and my training and experience, I have learned the following, in substance and in part:

a.    Since at least in or about July 2020, the DEA has been investigating a drug trafficking organization (the "DTO") operating in or around the Mid-Atlantic region of the United States, including Philadelphia.  Through that investigation, law enforcement has identified ALFREDO ROJAS, a/k/a "Wilfredo Nazario Roman," a/k/a "Pedro," as a suspected associate of the DTO.

b.    From at least on or about July 23, 2020, up to and including on or about July 29, 2020, ROJAS used a particular cellphone (the "Rojas Cellphone")[2] to communicate with the CS numerous times by phone call, video phone call, and text

---

[1] The CS has been working with law enforcement since in or about 2007 in exchange for payment.  Prior to working with law enforcement, the CS was convicted of a federal narcotics charge, for which the CS served a substantial sentence.  Information that the CS has provided to law enforcement has been deemed reliable, and has been corroborated through independent means, including recorded communications, law enforcement surveillance, and physical evidence, and has resulted in numerous seizures of narcotics and arrests in the context of narcotics investigations.

[2] On or about July 28, 2020, Magistrate Judge Sarah L. Cave signed a warrant and order for prospective location information and pen register information for the Rojas Cellphone.

message regarding ROJAS buying cocaine from the CS.  During
those communications, in sum and substance, ROJAS identified
himself as "Pedro," and stated that he was located in
Philadelphia, and that he was willing to travel to New York City
to meet with the CS and buy the cocaine.

        c.    Specifically, on or about July 23, 2020 and
July 24, 2020, ROJAS used the Rojas Cellphone to communicate
with the CS numerous times by phone call and text message. In
sum and substance, ROJAS and the CS discussed ROJAS traveling
from Philadelphia to New York City to meet with the CS and buy
six kilograms of cocaine.  If the transaction went as planned,
and ROJAS was satisfied, ROJAS and the CS would then travel back
to Philadelphia, where ROJAS had enough money to buy an
additional 14 or 20 kilograms of cocaine from the CS.[3]  The CS
would transport the cocaine from New York City to Philadelphia.

        d.    Between on or about July 25, 2020 and on or
about July 28, 2020, ROJAS used the Rojas Cellphone to
communicate with the CS multiple times by phone call and text
message regarding the anticipated cocaine transaction.

        e.    In the morning of on or about July 29, 2020,
ROJAS used the Rojas Cellphone to communicate with the CS
numerous times by phone call, video phone call, and text
message.  During those communications, in sum and substance,
ROJAS and the CS discussed conducting the cocaine transaction
that day, and ROJAS requested that, during the meeting, the CS
show him a total of 16 kilograms of cocaine.  ROJAS and the CS
further discussed that once ROJAS saw the cocaine, he would pay
for six kilograms up front, and the CS would then transport the
16 kilograms of cocaine to Philadelphia, where ROJAS would pay
the balance of the money.  During a video phone call, ROJAS and
an unidentified male could be seen near a large amount of United
States currency, which ROJAS indicated was the money with which
he planned to buy at least some of the cocaine that he and the
CS had discussed.

        f.    In the afternoon of on or about July 29,
2020, prospective location information for the Rojas Cellphone
showed that the Rojas Cellphone was traveling from Philadelphia

---

[3] During the foregoing communications between ROJAS and the CS,
when ROJAS referred to 20 kilograms, it was unclear whether he
was describing a total of 20 kilograms (i.e., the six kilograms
that he would initially buy, plus an additional 14 kilograms) or
a total of 26 kilograms (i.e., the six kilograms that he would
initially buy, plus an additional 20 kilograms).

toward New York City. During this time, ROJAS used the Rojas Cellphone to arrange with the CS to meet at a restaurant ("Restaurant-1") located at the intersection of East 236th Street and Broadway in the Bronx.

        g. That evening, law enforcement observed a silver Chevrolet Equinox (the "Equinox") with Pennsylvania license plates pull into the parking lot of Restaurant-1. BAUDILIO REYES, the defendant, was driving, and ROJAS was in the front passenger seat. At or around the same time, ROJAS used the Rojas Cellphone to call the CS and tell the CS, in sum and substance, that he had arrived at Restaurant-1. The CS responded, in sum and substance, that ROJAS should drive to a different restaurant ("Restaurant-2") located at 6007 Broadway in the Bronx.

        h. Law enforcement then observed the Equinox pull out of the parking lot of Restaurant-1, drive to the parking lot of Restaurant-2, and park. Shortly thereafter, ROJAS exited the Equinox and began speaking with the CS, who was waiting nearby. Law enforcement also observed a large black male ("CC-1") sitting in the rear passenger seat of the Equinox, smoking a cigarette. REYES, who had remained in the driver's seat of the Equinox, then exited the Equinox, walked over to ROJAS and the CS, and joined their conversation. CC-1 remained in the rear passenger seat of the Equinox. The CS then took ROJAS and REYES to a vehicle (the "UC Vehicle") parked nearby, where an undercover law enforcement officer (the "UC") was posing as an associate of the CS. At the UC Vehicle, the CS opened the trunk, removed a large duffel bag (the "Bag"), and unzipped it. ROJAS and REYES inspected the contents of the Bag, which contained 16 kilograms of sham cocaine. The CS returned the Bag to the trunk of the UC Vehicle, and the UC drove away in the UC Vehicle.

        i. REYES then returned to the Equinox, and drove away with CC-1 still in the rear passenger seat, while ROJAS remained with the CS. ROJAS told the CS, in sum and substance, that the money for the six kilograms of cocaine was nearby, and that REYES had gone to retrieve it.

        j. Shortly thereafter, REYES placed a video phone call to ROJAS while REYES was inside an unidentified vehicle. The CS, who was standing next to ROJAS when he answered the call, was able to see the screen of ROJAS's phone. During the call, REYES used his phone to show ROJAS and the CS a concealed compartment, or "trap," in the center console. REYES

5

opened the trap, revealing a large amount of United States currency.

k.      REYES then drove the Equinox back to the parking lot of Restaurant-2 and parked.  Shortly thereafter, a black Chevrolet Suburban (the "Suburban") with Pennsylvania license plates pulled into the parking lot of Restaurant-2 and parked.  A large black male, matching the description of CC-1 and later identified as RONALD WILLIAMS, the defendant, was driving the Suburban.  WILIAMS exited the Suburban, walked to the Equinox, and entered the rear passenger seat.  REYES was still in the driver's seat.  ROJAS and the CS then walked over to the Equinox, and WILLIAMS, REYES, ROJAS, and the CS began conversing, in part through at least one open window of the Equinox.  Shortly thereafter, WILLIAMS exited the Equinox, returned to the Suburban, entered the driver's seat, and drove out of the parking lot of Restaurant-2 onto Broadway.

l.      Law enforcement officers followed the Suburban to the intersection of Broadway and Manhattan College Parkway, where they surrounded the Suburban in their vehicles, using their lights and sirens.  At least one law enforcement officer (the "Officer"), wearing clothing that clearly identified him as such, exited his vehicle, approached the Suburban, and told WILLIAMS to exit the Suburban.  In response, WILLIAMS reversed the Suburban, then started driving forward toward the Officer, forcing the Officer to move out of the way quickly to avoid being hit.  WILLIAMS then accelerated and drove the Suburban recklessly southbound on Broadway.  Law enforcement pursued, and followed WILLIAMS to a dead-end street.  When WILLIAMS arrived at the dead end, he exited the Suburban and began running away.  Another male, later identified as MIGUEL ANGEL GONZALEZ, the defendant, exited the front passenger seat of the Suburban and also began running away.  Law enforcement pursued WILLIAMS and GONZALEZ on foot and arrested them nearby.

m.      At or around the time that law enforcement was pursuing WILLIAMS and GONZALEZ, law enforcement arrested ROJAS and REYES in the vicinity of the Equinox in the parking lot of Restaurant-2.

n.      After the defendants were arrested, law enforcement transported the Suburban and the Equinox to a nearby law enforcement facility to be searched.  During a search of the Suburban, law enforcement located a trap in the center console containing over approximately $200,000 in United States currency and a loaded Glock 27 .40 caliber semi-automatic pistol (the "Firearm") with approximately eight rounds in the magazine.

6

WHEREFORE, I respectfully request that BAUDILIO REYES, RONALD WILLIAMS, MIGUEL ANGEL GONZALEZ, and ALFREDO ROJAS, a/k/a "Wilfredo Nazario Roman," a/k/a "Pedro," the defendants, be imprisoned or bailed, as the case may be.

/s Drew W. Greeley (By Court with authorization)

DREW W. GREELEY
Special Agent
Drug Enforcement Administration

Sworn to before me through the transmission of this Affidavit by reliable electronic means, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal procedure, this 30th day of July, 2020

THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,                    **CONSENT TO PROCEED BY VIDEO OR**
                                             **TELE CONFERENCE**

                    -against-
                                             ~~CR~~   ~~( )( )~~

BAUDILIO REYES,                              20 MJ 8016

                              Defendant(s).
----------------------------------------------------------------X

Defendant _____Baudilio Reyes_____ hereby voluntarily consents to
participate in the following proceeding via ___ videoconferencing or X teleconferencing:

_X__   Initial Appearance Before a Judicial Officer

___    Arraignment (Note: If on Felony Information, Defendant Must Sign Separate Waiver of
       Indictment Form)

_X__   Bail/Detention Hearing

___    Conference Before a Judicial Officer


Baudilio Reyes (by Zawadi Baharanyi)                    _____
Defendant's Signature                                  Defendant's Counsel's Signature
(Judge may obtain verbal consent on
Record and Sign for Defendant)

Baudilio Reyes_____                    Zawadi Baharanyi_____
Print Defendant's Name                    Print Counsel's Name


This proceeding was conducted by reliable video or telephone conferencing technology.

7/30/2020_____                 _____
Date                                      Sarah L. Cave
                                          U.S. Magistrate Judge